## ATLANTIC SAVINGS BANK v. HETTERICK.

*Attorney — lien of upon judgment — reaches surplus moneys upon which judgment is lien — Damages — value of legal services.*

In a reference to determine upon the distribution of surplus moneys upon a mortgage foreclosure, H., who had a judgment which he alleged to be a lien upon the surplus, filed notice of claim thereto. F., the attorney of H., also filed notice of claim to the surplus moneys for his services in recovering the judgment. The referee was ordered to ascertain and report the amount due to H. " and any other person which is a lien and the privities of the several liens." H. made no objection to the investigation of the claim of J. by the referee founded on the standing of J. *Held,* (1) that the order authorized an investigation as to the amount of the claim of J., and if that authority was irregular it could only be corrected by an appeal from the order; (2) that the attorney's lien of J. on the judgment extended to the surplus moneys; and, (3) that H. not objecting to the examination of the account of J. by the referee the proceeding was good as an arbitration, if not good as a reference.

H. had a judgment against S. for $41,951, recovered by J. as attorney. The title to the mortgaged premises was in M. J., as attorney for H., obtained a judgment declaring the title to be in S., and the first-named judgment a lien thereon. *Held,* that an allowance to J. for services, of $2,713.03, was reasonable.

APPEAL by Selah Hiler from an order at the special term confirming the report of a referee upon the distribution of the surplus moneys arising from the sale of mortgaged premises upon a foreclosure.

The foreclosure action was brought by the Atlantic Savings Bank against Martha M. Hetterick and Selah Hiler. After the sale at foreclosure a surplus remained. Claims were filed against this surplus by several parties. Among these were one by said Hiler, who had a judgment against one Stokes which had been declared by a judgment in the New York common pleas to be a lien on the interest of Martha M. Hetterick in said premises. In the action against Stokes, and also in the subsequent one wherein the judgment against Stokes was declared a lien, J. P. Fitch had been attorney for Hiler, and he claimed a lien upon the surplus to the amount of his services.

In the action against Stokes it appeared in evidence and the referee found, that the attorney was by special agreement to receive $500 and ten per cent on the amount collected; that Hiler had

paid him $360; that upon a *quantum meruit* Fitch was entitled to receive for his services in the second action $1,500, in addition to costs and disbursements. The whole amount allowed was $2,713.03. Such other facts as are material appear in the opinion.

*Henry J. Schenck,* for appellant, cited *King* v. *West,* 10 How. 333; *Fox* v. *Fox,* 24 id. 409; *Haight* v. *Holcomb,* 16 id. 173; *Wright* v. *Delafield,* 25 N. Y. 268; *Broadway* v. *Mayor of Montreal,* 11 Moore's P. C. 426; *Polhamus* v. *Moser,* 7 Robt. 489; *Strong* v. *Place,* 4 id. 385.

*J. P. Fitch,* respondent, in person.

WESTBROOK, J. The sale of the mortgaged premises in this cause produced a sum of money which, after paying the mortgage debt, left a surplus of $9,732.40, which, with the accumulated interest, is in the hands of the chamberlain of the city of New York.

On the 28th of June, 1870, the appellant, Selah Hiler, by the respondent, J. P. Fitch, as his attorney, recovered, in this court, a judgment against Benaiah G. Stokes and Henry Stokes for $41,951.14. The said Hiler, by the said Fitch, as his attorney, claiming that the purchase money of the mortgaged premises had been paid by Benaiah G. Stokes, though the title was taken in the name of the defendant, Martha M. Hetterick, commenced an action in the New York common pleas against said Martha M. Hetterick and said Benaiah G. Stokes to have said judgment declared a lien upon the premises covered by the mortgage. He succeeded in that action, and by the judgment of that court, on the 12th day of March, 1873, the said mortgaged premises were declared to be liable to the lien of said judgment, and a decree of sale to satisfy the same made.

To the surplus moneys arising from the sale of the mortgaged premises, under the mortgage, which was foreclosed by this action, claims were made by Hiler, founded upon his judgment, and by Mr. J. P. Fitch, for his services for Hiler in recovering his aforesaid two judgments, notices of which claims were filed with the county clerk. On motion, at special term, Mr. Justice DANIELS ordered a reference to Henry Nicoll, Esq., "to ascertain and report to this court the amount due to said Hiler, and any other person which is a lien on the surplus money in this action, and the privi-

ties of the several liens thereon, and all persons who appeared in said action and who shall have filed notice of claim to said surplus with the clerk of this court before the 'entry of this order, shall be entitled to notice of hearing before said referee."

Hiler and Fitch both appeared before the referee, and, while the former contested the amount due the latter for his services in the actions before mentioned, he made no objection founded upon the want of standing of Fitch before the referee, nor that the investigation of the amount of these claims was for any reason improper. The referee found $2,713.03 due Fitch, which should be paid out of the surplus moneys, and from the order affirming this report Hiler appeals.

To the objection now made, that the referee had no power to consider these claims, there are several answers: (1) The order of reference is so drawn as to authorize it, and the remedy was to correct the order by appeal, and not by appeal from that which the order sanctions. It authorizes it by directing the referee to inquire, not only as to the amount due Hiler, but to any other person which is a lien on the surplus moneys in this action. If Hiler's judgment was a lien upon the surplus moneys, so, also, Fitch had an attorney's lien for services on the former ; and as that lien could only be made effectual by holding that which the judgment covers, it follows that the attorney's lien extended to the surplus moneys. (2) Having made no such objection before the referee, but heard the matter upon the merits, the objection can not now prevail. (3) The whole proceedings having been by consent, thus admitting the existence of the lien, and the right of Fitch to a part of the surplus moneys, if the proceeding was not good as a reference, it was a good arbitration between Hiler and Fitch to settle the amount due to the latter out of the surplus moneys which the judgment of Hiler held. (4) This court will not permit a party to take money out of its control without compensation to the attorney whose skill and labor obtained that money for him, and if Fitch had no such standing by virtue of his attorney's lien on the judgment, as would authorize him to file a notice of claim to the surplus moneys, under rule 77 of this court, the court has certainly the power for the protection of its officers, to direct its payment out of moneys it controls, and it was certainly competent for the party and attorney to agree upon a speedy and summary way of determining

the amount due to the latter, which they have done, as the conduct
of the reference as well as the order directing it shows.

As to the objection founded upon the amount of allowance to
Fitch for services, we fully agree with Judge BARRETT, who made
the order at special term, and to his opinion reference is made.*

The order appealed from should be affirmed with costs.

*Order affirmed.*

---

* The following is the opinion referred to, so far as it is material:

BARRETT, J. Ordinarily, equitable claims which have not ripened into liens enforceable
without further adjudication, are not considered upon such references as the present. Here,
however, the parties have proceeded and taken voluminous testimony without objection, and
have substantially treated the reference as a short and inexpensive method of obtaining a
general adjudication upon all the rights of the parties. Under such circumstances it is too
late to raise technical objections by the exceptions filed to the report. The parties will be
deemed to have waived all such, and in fact to have assented to an adjudication upon the
merits of the various claims, legal or equitable, presented to the referee. Upon the merits
I have no difficulty in confirming the report between Hiler and Fitch. The written agree-
ment did not contemplate the equity suit in the court of common pleas. The retainer in the
latter suit was a new and independent employment. If another attorney had been employed
and had set aside the conveyance, he would have been entitled to reasonable compensation.
Yet Fitch would also have been entitled to ten per cent, for this percentage was not limited by
the agreement to the amount recovered *upon execution* in the first suit, or even *upon supple-
mentary proceedings* thereon, but extended to whatever might be recovered from the defend-
ants in that suit in *any way* or *manner*. Fitch has earned the amount found by the ref-
eree in the second action, and the effect of his services therein has been to create a fund or
gross amount applicable to the first action, upon which he is entitled to ten per cent under
his agreement. This ten per cent is not for his services in the second action, but for con-
ducting the prosecution of the first action to its termination. The *amount* found by the
referee is reasonable, even small, in my judgment. The referee's report upon that head is
therefore confirmed, and the court adjudges that Fitch has an equitable lien upon the fund
in question to the extent found by the referee, that is, as between himself and Hiler.

Of course the enforcement of that lien depends upon final success. Should Hetterick
appeal to the Court of Appeals and effect a reversal of the judgment, Fitch will share his
client's fate. But if the judgment be affirmed, or if in the meantime Hetterick shall fail to
stay proceedings, and the fund shall thus become payable at once to Hiler, then Fitch should
be protected, and the payment directed to him of the amount found by the referee.